**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30392 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00215-EJL |
| v. | |
| DAVID RICHARD PIERCE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

David Richard Pierce appeals from the 97-month sentence imposed

following his guilty-plea conviction for two counts of possession of sexually

explicit images of minors, in violation of 18 U.S.C. § 2252(a)(4)(B).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm the custodial sentence, but

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

remand for resentencing as to some of Pierce's supervised release conditions.

Pierce first contends that his sentence is procedurally unreasonable. This argument is belied by the record. The court correctly calculated the Guidelines range; stated that the Guidelines were not mandatory; considered the 18 U.S.C. § 3553(a) factors; and adequately explained the sentence selected, including a discussion of Pierce's mitigation arguments. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Moreover, the record shows that the court did not base the length of Pierce's sentence on his need for mental health treatment.

Pierce next contends that his sentence is substantively unreasonable based on his history of abuse and mental illness. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, we conclude that the district court did not abuse its discretion in imposing a sentence at the bottom of the Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Pierce finally contends that some of the supervised release conditions contained in the written judgment–specifically, the last ten conditions described in the "special conditions of supervision"–were unlawfully imposed because they were not contained in the oral pronouncement of sentence. The district court's oral pronouncement was ambiguous as to which of these conditions it intended to impose, resulting in the denial of Pierce's right to be present for the imposition of

this part of his sentence. *See United States v. Napier*, 463 F.3d 1040, 1043 (9th Cir. 2006) (ambiguous oral sentence indicating that the written judgment would include unspecified conditions of supervised release resulted in denial of defendant's right to be present at his sentencing). Accordingly, we remand for resentencing with respect to the contested supervised release conditions. *See id.* at 1043-44.

**AFFIRMED in part; VACATED in part and REMANDED.**

09-30392